UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIA LONDONO-MARIN,

                                  Petitioner,

            - versus -

UNITED STATES OF AMERICA,

                                Respondent.

ORDER

13-cv-5488

JOHN GLEESON, United States District Judge:

        On March 13, 2008, Maria Londono-Marin pled guilty to conspiring to import over one kilogram of heroin into the United States, in violation of 21 U.S.C. §§ 963, 960(a)(1) and 960(b)(1)(A). On August 7, 2008, I sentenced Londono-Marin to the statutory mandatory minimum ten years of imprisonment to be followed by five years of supervised release. *See* 21 U.S.C. § 960(b)(1)(A). Londono-Marin brings this collateral attack pursuant to 28 U.S.C. § 2255 requesting that her sentence be vacated, set aside, or corrected in light of *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

        On October 8, 2013, I issued an order for the government to show cause why the petition should not be granted. On further reflection, I hereby vacate that order and deny the petition.

        In *Alleyne*, the Supreme Court held that any fact that increases a mandatory minimum sentence for a crime "is an 'element' that must be submitted to the jury" and proven beyond a reasonable doubt. 133 S.Ct. at 2155. *Alleyne* does not apply here for two reasons. First of all, in this case, Londono-Marin pled guilty to the charged offense and allocuted to all of the facts necessary for the application of the ten-year mandatory minimum. It is well settled that

an admission by a defendant in a guilty plea to the underlying offense conduct is equivalent to a jury determination. *See United States v. Champion*, 234 F.3d 106, 110 & n.3 (2d Cir. 2000); *see also Morris v. Reynolds*, 264 F.3d 38, 48-49 (2d Cir. 2001). Accordingly, because Londono-Marin admitted in open court each factual element necessary to trigger the mandatory minimum, I did not determine any of these elements by a preponderance of the evidence and *Alleyne* is inapplicable. *See United States v. Doe*, 66 F. App'x 249, 252 (2d Cir. 2003) (unpublished) ("When a defendant is sentenced based on a plea in which he admits to the sentencing facts, *Apprendi* is not implicated.").

Second, even if *Alleyne* was implicated by the facts presented here, Londono-Marin's conviction is final and *Alleyne* would not apply retroactively.[1] "New rules of procedure . . . generally do not apply retroactively." *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004). New procedural rules only apply retroactively if they constitute "watershed rules of criminal procedure." *Teague v. Lane*, 489 U.S. 288, 311 (1989). In *Coleman v. United States*, 329 F.3d 77 (2d Cir. 2003), the Second Circuit held that the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was not "watershed," and thus cannot be applied to cases on collateral review. The Supreme Court held in *Apprendi* that except for the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Because *Alleyne* is essentially an extension of *Apprendi*, it is also likely not to be considered by the Supreme Court to constitute a "watershed" rule. This conclusion is further supported by the fact that the Supreme Court has decided that *Apprendi* does not apply retroactively on collateral review in a

---

[1] Judgment was entered against Londono-Marin on September 4, 2008, and she did not appeal. Thus, her conviction became final when the time to file a notice of appeal expired, ten days later. *See Gonzalez v. Thaler*, 132 S.Ct. 631, 652-53 (2012) (conviction becomes final when the time for filing appeal expires); *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (same); Fed. R. App. P. 4(b)(1) (10 days to appeal criminal conviction after judgment is entered; amended in 2009 to 14 days).

2

similar setting. *See Schriro v. Summerlin*, 542 U.S. 348 (2004). Thus, the general rule against retroactivity applies to the rule announced in *Alleyne*, unless and until the Supreme Court decides otherwise. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (*Alleyne* is not retroactive); *Rose v. United States*, No. 13-cv-5885, 2013 WL 5303237 (S.D.N.Y. Sept. 20, 2013) (same).[2] For the reasons stated above, Londono-Marin's § 2255 habeas motion is hereby denied. Because there has not been a substantial showing of the denial of a constitutional right, I decline to issue a Certificate of Appealability. The Clerk of the Court is respectfully requested to close this case.

So ordered.

John Gleeson, U.S.D.J.

Dated: October 16, 2013
      Brooklyn, New York

---

[2] The Second Circuit has yet to address whether *Alleyne* applies retroactively. I need not address here the timeliness of Londono-Marin's petition.